UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID McCARREN,

        Plaintiff,

v.

RAPHAEL WASHINGTON, *et al.*,

        Defendants.

_____/

Case No. 2:23-cv-13129

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

### ORDER GRANTING PLAINTIFF'S JUNE 26, 2025 REQUEST TO EXTEND & DENYING AS MOOT HIS JUNE 26, 2025 REQUEST TO AMEND and REPORT AND RECOMMENDATION TO DENY HIS JUNE 26, 2025 EMERGENCY MOTION FOR INJUNCTIVE RELIEF (ECF No. 45)

Currently before the Court is Plaintiff's June 26, 2025 filing (ECF No. 45), which arguably seeks multiple forms of relief, which will be addressed by orders and a report and recommendation.

**A.   The Court has previously extended Plaintiff's deadline for filing an amended complaint.**

On May 4, 2025, the Court entered an order requiring Plaintiff McCarren to file an amended complaint no later than May 3, 2025.  (ECF No. 43.)  For Plaintiff McCarren's benefit, the order expressly stated:

> Plaintiff McCarren **SHALL** file an amended complaint in Case No. 2:23-cv-13129-BRM-APP (E.D. Mich.), limited to *his* specific claims and making clear not only which individuals or entities *he* is suing but

1

>also which claims <u>he</u> is making (*e.g.*, citing the particular statutes or constitutional provisions) against each specified Defendant.
>
>When drafting the amended complaint, Plaintiff's attention is drawn to Fed. R. Civ. P. 8(a) ("Claim for Relief.") and Fed. R. Civ. P. 10 ("Form of Pleadings"). Plaintiff might also consider making use of this district's form *Complaint for a Civil Case*, which is available via the Court's website (www.mied.uscourts.gov). Moreover, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. LR 15.1.

(*Id.*, PageID.411 (emphases in original).) A copy of this order was served upon Plaintiff McCarren at the Wayne County Adult Detention Facility (WCADF).

On May 6, 2025, Plaintiff filed an emergency motion for a ninety-day enlargement of response time to amend operative complaint. (ECF No. 44.) On May 14, 2025, the Court entered a text-only order, which effectively granted in part Plaintiff's request for extension and extended the deadline to June 30, 2025. This order instructed Plaintiff "to file an amended complaint . . . , limited to his specific claims and making clear not only which individuals or entities he is suing but also which claims he is making (e.g., citing the particular statutes or constitutional provisions) against each specified Defendant." A copy of this order was served upon Plaintiff McCarren at the Wayne County Adult Detention Facility (WCADF).

2

**B.     Plaintiff's June 26, 2025 filing mentions Fed. R. Civ. P. 6(b) and, thus, seems to seek an extension of Plaintiff's deadline to file an amended complaint.**

The Court notes Plaintiff's filing's references to Fed. R. Civ. P. 6(b) ("Extending Time."). (*See, e.g.*, ECF No. 45, PageID.440, 450 ¶¶ 23, 24.) Because Plaintiff has yet to file an amended complaint, the Court will – out of an abundance of caution – provide one, final extension of Plaintiff's deadline to do so to **Monday, July 21, 2025**. <u>**NO FUTHER EXTENSIONS WILL BE GRANTED**</u>.

Plaintiff McCarren is **HEREBY WARNED** that <u>a failure to comply with this order may result in the Undersigned's entry of a report and recommendation that the Court dismiss his particular lawsuit with prejudice for failure to comply with the Court's order and/or failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.")</u>.

**C.     Plaintiff's June 26, 2026 filing also mentions Fed. R. Civ. P. 15(a), which concerns amendments before trial.**

Plaintiff's 37-page emergency motion, which includes 47 paragraphs, is not in the form of an amended complaint. (*See* ECF No. 45, PageID.440-476.) *Inter alia*, it does not contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), although the mention of access to the courts suggests a First Amendment claim for which jurisdiction could be based on 28 U.S.C. § 1331 ("Federal Question"). Moreover, the caption of the filing does not

3

"name all the parties[,]" Fed. R. Civ. P. 10(a), because it states the case is brought against "SHERIFF RAPHAEL WASHINGTON, *et al.* . . . ." (*See* ECF No. 45, PageID.440.) Thus, this filing is not construed as satisfying the Court's direction to file an amended complaint.

To the extent Plaintiff's filing's opening paragraph or prayer for relief "moves to Amend Complaint – one final time . . . [,]" or cites Fed. R. Civ. P. 15(a) (*see* ECF No. 45, PageID.440, 475-476), it is **DENIED AS MOOT**. Plaintiff was directed to amend his complaint via the Court's April 4, 2025 order requiring Plaintiff McCarren to file an amended complaint (*see* ECF No. 43), the deadline to do so was extended to June 30, 2025, and Plaintiff has yet to satisfy that directive. It has herein been extended, yet again, for the final time.

**IT IS SO ORDERED.**[1]

**D.     The Court should deny Plaintiff's June 26, 2025 motion for injunctive relief.**

Beyond Plaintiff's requests for extension and amendment, Plaintiff's June 26, 2026 109-page filing (ECF No. 45) consists of: (1) a 37-page emergency ex-parte motion to order the Wayne County Jail Defendants to modify the "jail policy for 'meaningful access' to the court's [sic] so this fair court can freely give leave as

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

4

justice so requires" (*id*., PageID.440-476); (2) 3 pages of declarations (*id*., PageID.477-479); and, (3) 69 pages of exhibits (*id*., PageID.480-548 [Exhibits A-F]).  In essence, Plaintiff seeks injunctive relief.  *See* Fed. R. Civ. P. 65 ("Injunctions and Restraining Orders").  The Undersigned may only issue a report and recommendation on this request.  *See* 28 U.S.C. § 636(b)(1)(B).

The Court should **DENY** Plaintiff's June 26, 2025 motion to the extent it seeks injunctive relief.  First, the title of this filing references Defendant Washington and Defendant Dunlap, as well as Undersheriff Mike Jaafar (*see* ECF No. 45, PageID.440), who is not a defendant in this matter.  The Court cannot order relief from a non-defendant, *i.e.*, someone not currently before this Court.

Second, the title of this filing and the "relief requested" seek modification of Wayne County Jail policy.  (*See* ECF No. 45, PageID.440, 475-476.)  *Inter alia*, Plaintiff claims to have difficulty with access to the Courts since his apparent August 2024 transfer to the WCADF, contending, *e.g.*, there is "no legal assistant program," "insufficient . . . indigent supplies to draft pro se legal documents with stamps to mail them," *etc*.  (*See*, *e.g.*, ECF No. 45, PageID.449-450 ¶¶ 21-23.)  Although Plaintiff mentions the February 23, 2022 and March 27, 2025 versions of the Wayne County Sheriff's Office (WCSO Inmate Handbook) (*see id*., PageID.451-465 ¶¶ 25, 26), the "relief requested" makes clear that Plaintiff seeks modification of WCADF Inmate Rules & Regulations (*id*., PageID.475); however,

5

the subjects of Plaintiff's original, December 2023 complaint – *i.e.*, the currently operative pleading – appear to be conditions at Division I (570 Clinton Street) and/or Division II (525 Clinton Street) of the Wayne County Jail (*see, e.g.,* ECF No. 1, PageID.14-17), not the WCADF (5301 Russell Street).[2]

In sum, Plaintiff's request for injunctive relief seeks relief: (1) in part from someone not currently before this Court; and, (2) outside the scope of his currently operative pleading. Therefore, the Court should **DENY** Plaintiff's June 26, 2025 filing to the extent it seeks an order requiring modification of the WCADF's policy.[3]

---

[2] As late as July 2024, Plaintiff McCarren was located at WCJ Division II (525 Clinton Street) (*see* ECF No. 28, PageID.239; ECF No. 30-1, PageID.364-365). Plaintiff claims to have arrived at WCADF on August 28, 2024. (ECF No. 45, PageID.449 ¶ 22.) This Court has previously acknowledged that, on September 3, 2024, Wayne County opened a modernized jail in its brand-new Criminal Justice Center, which is located at 5301 Russell Street, Detroit, MI, 48211. (ECF No. 33, PageID.374-375 n.1.) The Court also acknowledges that January and February 2025 mailings from the Court to Plaintiff McCarren at WCJ Division I (570 Clinton Street) were returned to the Court as undeliverable (*see* ECF Nos. 36, 37, 38, 41), perhaps because Plaintiff's August 28, 2024 address change was either not received by or not processed by the Clerk of the Court until March 2025 (*see* ECF Nos. 42, 46). In any event, Plaintiff's current address of record is the WCADF.

[3] The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

6

Dated:  July 1, 2025

                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

---

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

      Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.